IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PROGRESSIVE AMERICAN INSURANCE :
COMPANY :
6300 Wilson Mills Road :
Mayfield Village, OH 44143 :
 :
    Plaintiff, :
 :
v. : Case No.: 3:21cv00592
 :
JIREH HOUSE, INC. :
SERVE: :
Tanisha Green, Registered Agent :
6432 Georgetown Road :
Waverly, VA 23890 :
 :
    and :
 :
JOYCE ANN WIGGINS :
2604 Johnson Street :
Hopewell, VA 23860 :
 :
    and :
 :
ASHLEY RENEE STOUT :
4116 Ashley Lane :
North Dinwiddie, VA 23803 :
 :
    and :
 :
STATE FARM MUTUAL AUTOMOBILE :
 INSURANCE COMPANY :
SERVE: :
Corporation Service Company, Registered Agent :
100 Shockoe Slip, FL 2 :
Richmond, VA 23219 :
 :
    and :

|  |  |
|---|---|
| CITY OF PETERSBURG<br>SERVE:<br>Anthony Williams, City Attorney<br>135 N. Union Street<br>Petersburg, VA 23803<br><br>    and<br><br>GEICO INDEMNITY COMPANY<br>SERVE<br>Beth Roberts, Registered Agent<br>1345 Perimeter Parkway<br>Virginia Beach, VA 23454<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Progressive American Insurance Company (hereinafter "Progressive"), by and through its attorneys, DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, pursuant to Sections 2201 and 2202 of Title 28 of the United States Code and Rule 57 of the Federal Rules of Civil Procedure, and files this Complaint for Declaratory Judgment to determine a real and justiciable controversy between the parties with respect to their rights and obligations under an insurance contract.

I.    THE CONTROVERSY

1.    All the parties hereto are interested in having the Court resolve the issue of whether there is insurance coverage available under a policy of auto insurance issued by Progressive to Jireh House, Inc., formerly known as Jireh House, LLC, (hereinafter "Jireh House") for any claims arising from an auto accident that occurred on May 13, 2019, in the City of Petersburg (hereinafter the "Accident"), including those claims being asserted in the lawsuit

styled Stout v. Wiggins, et al, Case No. 730-C-21000415-00, pending in the Circuit Court of the City of Petersburg (hereinafter the "Underlying Suit").

2. Progressive American Insurance Company issued Policy Number 05600815-8 to Jireh House. (Exhibit Nos. 1 – Declaration Sheet, and 2 – Policy with endorsements and amendments) (hereinafter the "Policy").

3. Jireh House has requested that Progressive provide insurance coverage and a defense under the Policy for any claims, damages, or injuries, by or against Jireh House, arising out of the Accident, including those claims being asserted in the Underlying Suit.

4. Progressive asserts that it does not owe coverage, of any nature, under the Policy, to Jireh House or to Joyce Ann Wiggins (hereinafter, "Wiggins"), for any claims by or against Jireh House or Wiggins for damages or injuries arising out the Accident, including those claims the Underlying Suit.

5. Pursuant to the terms of the Policy Progressive informed all necessary parties, by letters dated 8/13/20 and 7/28/21, which is incorporated herein by reference, that Progressive is denying coverage under the Policy for any claims arising from the Accident and reserving its rights with respect to its duty to defend.

6. This matter is ripe, and a justiciable controversy exists for resolution by this Court on the issues of insurance coverage under the terms of the Policy as set forth more fully herein.

II. THE PARTIES

7. The Plaintiff, Progressive, is a corporation, organized under the laws of Wisconsin, with its principal office located in Ohio, and issued the Policy to Jireh House.

8. Defendant Jireh House is a corporation, formerly known as Jireh House, LLC, organized under the laws of Virginia, with its principal officed located in Sussex County,

Virginia, with the Richmond Division of this Court, and is seeking coverage and a defense under the Policy for claims by or against it arising from the Accident, including those claims being asserted in the Underlying Suit.

9. Defendant Wiggins is a resident of Hopewell, Virginia, within the Richmond Division of this Court, and is seeking coverage and a defense under the Policy for claims by or against her arising from the Accident, including those claims being asserted in the Underlying Suit.

10. Defendant Ashley Renee Stout (hereinafter "Stout") is a resident of Dinwiddie County, Virginia, within the Richmond Division of this Court, and employee of the City of Petersburg School Board who was a driver involved in the Accident and is seeking coverage under the Policy for injuries, damages, and claims arising from the Accident, including those claims being asserted in the Underlying Suit.

11. Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") is a corporation, organized under the laws of Illinois, with its principal office located in Illinois, that regularly transacts and conducts business within the Richmond Division of this Court, that provides uninsured/underinsured motorist insurance to Defendant Stout, and is seeking coverage under the Policy for any and all claims arising from the Accident, including those claims being asserted in the Underlying Suit.

12. Defendant City of Petersburg School Board (hereinafter "the School Board") is an entity authorized by Virginia law and pursuant to Virginia Code §22.1-28 is charged with the operation of the public schools in Petersburg, Virginia, within the Richmond Division of this Court, is the employer of Defendant Stout, and is seeking coverage under the Policy for injuries,

damages, and claims arising from the Accident, including those claims being asserted in the Underlying Suit.

13. Defendant GEICO Indemnity Company is a corporation, organized under the laws of Maryland, with its principal office located in Maryland, that regularly transacts and conducts business within the Richmond Division of this Court, that provides auto liability insurance to Defendant Wiggins, and is seeking coverage under the Policy for injuries, damages, and claims arising from the Accident, including those claims being asserted in the Underlying Suit.

14. Upon information and belief, there are no other necessary parties to this action.

### III. JURISDICTION AND VENUE

15. This Court has diversity jurisdiction over the parties and this action pursuant to 28 U.S.C. §1332(a)(1). Diversity jurisdiction exists because this action is between citizens of different states and because the amount in controversy, exclusive of interests and costs, exceeds $75,000.

16. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because Defendant Jireh House has its principal office in this Division, Defendants Wiggins, Stout, and the School Board reside in this Division, and Defendants GEICO and State Farm conduct business in this district, and the underlying Accident giving rise to this controversy occurred in this Division.

17. A justiciable controversy that is ripe for adjudication exists between the parties to this suit as to insurance coverage and duties to defend and indemnify, as claims have been made and denied under the Policy, and thus, an Article III case or controversy exists.

### IV. THE ACCIDENT AND THE UNDERLYING SUIT

18. Upon information and belief, on or about May 13, 2019, at approximately 10:10 am, a two-vehicle accident involving vehicles operated by Wiggins and Stout occurred at the

intersection of East Wythe Street and South Crater Road in the City of Petersburg, Virginia. No allegation herein is intended to be an admission binding upon Progressive or any party in any claim, suit or proceeding for any claims, injuries, or damages brought by or against any party arising out of the Accident.

19. On or about June 4, 2021, Stout filed suit against Wiggins and Jireh House in the Circuit Court of the City of Petersburg, Stout v. Wiggins, et al, Case No. 730-C-21000415-00.

20. In the Underlying Suit, Stout claims that at the time of the Accident, Wiggins was driving a vehicle owned and registered in her own name. Upon information and belief, that vehicle was a 2006 Nissan sedan (VIN#1N4AL11D86C208689) with Virginia license plate number VSD8021 (hereinafter, "the Nissan").

21. Stout further alleges that Wiggins was negligent in the operation of the Nissan, that her negligence was a proximate cause of a collision with a vehicle being driven by Stout, and that Stout suffered bodily injuries as a result. Stout also alleges that at the time of the Accident, Wiggins was an employee/agent of Jireh House, acting within the scope of her employment/agency. Stout seeks compensatory damages in the amount of $5,000,000.

22. Stout requested service of the Underlying Action upon State Farm and the School Board as purported providers of uninsured/underinsured motorist insurance coverage.

V. VEHICLES AND DRIVERS LISTED ON THE POLICY

23. The Nissan operated by Wiggins and involved in the Accident is not a covered auto under the Policy.

24. The Nissan operated by Wiggins and involved in the Accident was never listed as a covered auto under the Policy.

25. The only covered autos listed on the Policy are a 1999 Dodge Grand Caravan SE/S, 1 1996 Plymouth Grand Voyager S, and a 2000 Ford Windstar.

26. None of the vehicles listed on the Policy were out of service on the date of the Accident.

27. The Nissan was not a temporary substitute vehicle for any of the vehicles listed on the Policy.

28. The Nissan was not a vehicle newly acquired by Jireh House.

29. The Nissan was owned by Wiggins and registered in her name.

## VI. RELEVANT LANGUAGE FROM THE POLICY

30. The principal portions of the Policy relevant to the present lawsuit are as follows:

    a. Declaration Sheet (3 pages) (Exhibit 1)

    b. Virginia Business Auto Insurance Agreement Form 8290 VA (07/97) (52 Pages) (Exhibit 2)

31. The pertinent language from the Policy is as follows:

### SECTION I – COVERED AUTOS

Item Two of the Declarations shows the autos that are covered autos for each of your coverages. The following numerical symbols describe the autos that may be covered autos. The symbols entered next to a coverage on the Declarations designate the only autos that are covered autos.

**A. DESCRIPTION OF COVERED AUTO DESIGNATION SYMBOLS**

\*\*\*

**7 = SPECIFICALLY DESCRIBED AUTOS.** Only those autos described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any trailers you don't own while attached to any power unit described in Item Three).

\*\*\*

### SECTION II – LIABILITY COVERAGE (P. 2-3)

### A. COVERAGE

We will pay all sums an insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.

We will also pay all sums an insured legally must pay as a covered pollution cost or expense to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of covered autos. However, we will only pay for the covered pollution cost or expense if there is either bodily injury or property damage to which this insurance applies that is caused by the same accident.

We have the right and duty to defend any insured against a suit asking for such damages or a covered pollution cost or expense. However, we have no duty to defend any insured against a suit seeking damages for bodily injury or property damage or a covered pollution cost or expense to which this insurance does not apply. We may investigate and settle any claim or suit as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

1. Who Is An Insured

The following are insureds:

a.  You for any covered auto.

b.  Anyone else while using with your permission a covered auto you own, hire, or borrow except:

>   (1)  The owner or anyone else from whom you hire or borrow a covered auto. This exception does not apply if the covered auto is a trailer connected to a covered auto you own.
>
>   (2)  Your employee if the covered auto is owned by that employee or a member of his or her household.

\* \* \*

c.  Anyone liable for the conduct of an insured described above but only to the extent of that liability.

## VII. OTHER

32. That the Nissan operated by Wiggins at the time and place of the Accident is not an insured vehicle or covered auto under the Policy.

8

33. That Wiggins does not meet the definition of an insured under the Policy.

34. That Jireh House does not meet the definition of an insured under the Policy.

35. That Progressive does not owe any insurance coverage, of any nature, under the Policy for any claims by or against Jireh House arising out of the Accident.

36. That Progressive does not owe any duty under the Policy to defend Jireh House from any claim of any nature arising out of the Accident.

37. That Progressive does not owe any insurance coverage, of any nature, under the Policy for any claims by or against Wiggins arising out of the Accident.

38. That Progressive does not owe any duty under the Policy to defend Wiggins from any claim of any nature arising out of the Accident.

39. That Progressive does not owe any insurance coverage, of any nature, under the Policy, to or on behalf of any person or entity for any claims or damages arising out of the Accident.

40. That Progressive does not owe a duty under the Policy to defend any person or entity from any claims or damages arising out of the Accident.

VIII. RELIEF SOUGHT

41. WHEREFORE, the Plaintiff, PROGRESSIVE AMERICAN INSURANCE COMPANY, prays that the parties be convened and that this Court determine the rights and obligations of the various parties, one to the other, with respect to the matters alleged herein, and specifically that this Court determine, adjudge, and order and declare:

> A. That under the terms and provisions of Progressive American Insurance Company Policy Number 05600815-8, Progressive American Insurance Company does not owe liability coverage on behalf of Defendant Jireh House.

Inc., for any claims by or against Defendant Jireh House, Inc. for damages or injuries arising out the Accident.

B.  That under the terms and provisions of the Progressive American Insurance Company Policy Number 05600815-8, Progressive American Insurance Company does not owe liability coverage on behalf of Defendant Joyce Ann Wiggins for any claims by or against Defendant Joyce Ann Wiggins for damages or injuries arising out the Accident.

C.  That under the terms and provisions of Progressive American Insurance Company Policy Number 05600815-8, Progressive American Insurance Company does not owe or have a duty to defend or indemnify Defendant Jireh House, Inc. for any claims by or against Jireh House, Inc. for damages or injuries arising out the Accident.

D.  That under the terms and provisions of Progressive Northern Insurance Company Policy Number 05600815-8, Progressive Northern Insurance Company does not owe or have a duty to defend or indemnify Defendant Joyce Ann Wiggins for any claims by or against Defendant Joyce Ann Wiggins for damages or injuries arising out the Accident.

E.  That under the terms and provisions of Progressive American Insurance Company Policy Number 05600815-8, Progressive American Insurance Company does not owe or have a duty to defend or indemnify any person or entity for any claims, of any nature, arising out the Accident.

F.  Any and all other relief that this Court may deem appropriate, including costs and reasonable attorney's fees, if applicable.

PROGRESSIVE AMERICAN INSURANCE COMPANY
By Counsel:

DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP

*/s/ Steven C. Bergeron*

Steven C. Bergeron, #39056
3050 Chain Bridge Rd., Ste. 300
Fairfax, VA 22030
(703) 352-5175 – Phone
(703 352-1256 – Fax
sbergeron@decarodoran.com

*/s/ Charles E. Gallagher, Jr.*

Charles E. Gallagher, Jr. #28524
3050 Chain Bridge Rd., Ste. 300
Fairfax, VA 22030
(703) 352-5175 – Phone
(703 352-1256 – Fax
cgallagher@decarodoran.com